IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **ROGER C. EASTHAM,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:10-CV-2001-L** |
| | § | |
| **COMMISSIONER OF THE,** | § | |
| **SOCIAL SECURITY ADMINISTRATION,** | § | |
| | § | |
| Defendant. | § | |

## ORDER

Plaintiff Roger C. Eastham ("Eastham") filed this appeal on October 5, 2010, from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying his claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act. The case was referred to Magistrate Judge Paul D. Stickney, who entered Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") on February 17, 2012. No objections to the Report were filed.

The Commissioner denied Eastham's applications initially and again upon reconsideration. Subsequently, at a hearing on March 4, 2009, before an Administrative Law Judge ("ALJ"), Eastham and a vocational expert ("VE") provided testimony in support of Eastham's applications. The ALJ concluded that Eastham can perform work and is not disabled. The Appeals Council declined Eastham's request for review. Eastham seeks judicial review of the ALJ's decision pursuant to 42 U.S.C. § 405(g).

Eastham contends that: (1) the Appeals Council may have failed to consider newly submitted evidence in connection with his request for review; (2) the Commissioner failed to consider all of his impairments; and (3) the ALJ failed to properly evaluate the medical opinion evidence and improperly assessed his credibility. The magistrate judge concluded that: (1) "Because the ALJ's unfavorable decision was based on the VE's answers to the defective hypothetical question, substantial evidence does not support the ALJ's finding that Plaintiff was not disabled during the period of March 1, 1999 to December 3, 2009"; (2) "the ALJ committed legal error by assessing a higher GAF score than any of the treating or consulting psychiatrists had assessed. The ALJ also erred by failing to consider the factors set forth in the Commissioner's regulations for evaluating the treating psychiatrists' opinions. These errors are not harmless because if the ALJ had properly considered them, she might have found Plaintiff disabled."; (3) "the ALJ failed to evaluate Plaintiff's credibility in accordance with the regulations and that the unfavorable credibility determination is not supported by substantial evidence." (Doc. 20).

After a review of the pleadings, file, record, applicable law, and the magistrate judge's findings and conclusions, the court determines that the magistrate judge's findings and conclusions are correct, and **accepts** them as those of the court. Accordingly, the Commissioner's decision is **reversed**, and this case is **remanded** for reconsideration.

**It is so ordered** this 5th day of March, 2012.

Sam A. Lindsay
United States District Judge