UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ROGER C. EASTHAM, § | |
|     Plaintiff, § | |
| § | |
| v. § | No. 3:10-CV-2001-L (BF) |
| § | |
| CAROLYN W. COLVIN, Acting Commissioner § | |
| of the Social Security Administration, § | |
|     Defendant. § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b), Plaintiff Roger C. Eastham's ("Plaintiff") counsel, Ronald D. Honig's ("Counsel") Revised Petition for Attorney's Fees Under 42 U.S.C. § 406(b) ("Section 406(b)") [D.E. 34] ("Revised Petition") has been referred to the United States Magistrate Judge for recommendation. For the reasons stated below, the undersigned respectfully recommends that the Revised Petition [D.E. 34] be granted.

**BACKGROUND**

On February 17, 2012, the undersigned recommended that the Court reverse and remand for further proceedings the Commissioner's denial of Plaintiff's claim for Disability Insurance Benefits and Supplemental Security Income under Titles II and XVI of the Social Security Act. *See* Findings, Conclusions & Recommendation [D.E. 20 at 1]. On March 5, 2012, the Court accepted the undersigned's recommendation. *See* Order [D.E. 21]. On April 4, 2012, Counsel sought attorney's fees in the amount of $2,679.64 under the Equal Access to Justice Act ("EAJA") which was granted by the Court. *See* Pet. [D.E. 25 at 9-10]; Order [D.E. 28]. On February 19, 2013, the Commissioner issued a decision finding Plaintiff disabled since January 1, 2003. *See* Pet. [D.E. 29 at 3-4]. On May 16, 2013, Counsel filed his Petition to Obtain Approval of a Fee for Representing a Claimant Under

the Social Security Act ("Petition") seeking $13,480.25 for 14.40 hours of service to Plaintiff before this Court under Section 406(b). *See id.* [D.E. 29 at 2]. On June 17, 2013, the Court referred the Petition to the undersigned. *See* Order of Reference [D.E. 31]. On September 25, 2013, the undersigned granted in part and denied in part the Petition. *See* Order [D.E. 32 at 1]. In the September 25, 2013 Order, the undersigned explained that because Plaintiff requested the opportunity to file an amended fee request after he receives notification of the Commissioner's re-computation of Plaintiff's past-due benefits due to the fact that Plaintiff received benefits under both Titles II and XVI of the Social Security Act, the undersigned granted Plaintiff's request to file the amended fee request but denied the remainder of the Petition as premature. *See id.* [D.E. 32 at 1].

On March 25, 2014, Counsel filed his Revised Petition informing the Court that the Commissioner advised that the $13,480.25 in attorney's fees originally requested, which represents 25% of Plaintiff's past-due benefits, should have been withheld from Plaintiff's disability insurance benefits, but that the Commissioner only withheld $5,349.50. *See* Revised Pet. [D.E. 34 at 3]. The Commissioner further advised that she is now withholding an additional $8,130.75 pending approval of attorney's fees. *See id.* [D.E. 34 at 3]; Notice [D.E. 33-1 at 1]. Further, the Commissioner advised that she will not compute the SSI "windfall offset" until the attorney fee is ultimately determined. *See* Revised Pet. [D.E. 34 at 3]. In addition, Counsel informed the Court that during the pendency of his fee request before this Court, the Commissioner has authorized a fee of $10,000.00 for services rendered by Counsel to Plaintiff before the Social Security Administration under 42 U.S.C. § 406(a). *See id.* [D.E. 34 at 4, 8]. Therefore, in the Revised Petition, Counsel reduces his fee request from $13,480.25 to $3,480.25. *See id.* [D.E. 34 at 4].

## ANALYSIS

Section 406(b)(1) provides that when a court renders a favorable judgment to a claimant who was represented by an attorney in a Social Security matter, the court may allow, as a part of its judgment, reasonable attorneys' fees not exceeding 25% of the total of past-due benefits that the claimant is entitled to. *See* 42 U.S.C. § 406(b)(1). The district court may only award fees for work performed before the district court, and not for any work performed at the administrative level. *Mudd v. Barnhart*, 418 F.3d 424, 427 (4th Cir. 2005) ("Courts are without jurisdiction to decree compensation for professional representation at the administrative level . . . because the Commissioner alone is empowered to make awards for services rendered in agency proceedings.") (internal quotations and citations omitted); *Brown v. Sullivan*, 917 F.2d 189, 191 (5th Cir. 1990), *abrogated on other grounds by Gisbrecht v. Barnhart*, 535 U.S. 789 (2002) ("The district court, therefore, may consider only court-related services in setting allowable fees for representation before it. On the other hand, Congress has made it equally clear that the authority for setting fees for representation in agency proceedings rests exclusively with the Secretary.").

The ultimate issue in considering a fee request under Section 406(b) is whether the request is reasonable. *See Gisbrecht*, 535 U.S. at 792; *Jeter v. Astrue*, 622 F.3d 371, 374 (5th Cir. 2010). This decision lies within the discretion of the court. *Jeter*, 622 F.3d at 376. In making such determinations, the Supreme Court has concluded that "§ 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court." *Gisbrecht*, 535 U.S. at 807. Courts, however, should consider certain factors in determining the reasonableness of a § 406(b) fee, including but not limited to: (1) quality of the representation and results achieved; (2) whether counsel was responsible for delay in the

3

litigation while benefits accumulated during the pendency of the case; and (3) whether the award is a "windfall" for counsel. *Shipp v. Commissioner*, No. 6:11-CV-105, 2014 WL 2965905, at *1 (E.D. Tex. Jul. 1, 2014) (citing *Gisbrecht*, 535 U.S. at 808; *Jeter*, 622 F.3d at 377). The Fifth Circuit has also interpreted *Gisbrecht* to hold that a district court may consider "lodestar" factors in its "windfall" determination, although the court may not rely on them alone. *Jeter*, 622 F.3d at 380 ("[W]e conclude that courts may consider the lodestar in their analyses so long as the court can articulate additional factors demonstrating that the excessively high fee would result in an unearned advantage. In other words, the *Gisbrecht* Court's reference to windfall leaves room for consideration of an effective hourly fee rate, but only so long as this mathematical calculation is accompanied by consideration of whether an attorney's success is attributable to his own work or instead to some unearned advantage for which it would not be reasonable to compensate him.").

Here, the Commissioner advised that since March of 2013, she has been withholding $13,480.25, which represents 25% of the past-due benefits payable to Plaintiff as required by Section 206(a) of the Social Security Act. *See* Notice [D.E. 33-1 at 1]. Pursuant to the Contingency Fee Contract dated January 14, 2010, Plaintiff agreed to the following: "If a favorable decision is issued in my claim(s) by the Appeals Council or by a Federal Court, or following an order of remand issued by the Social Security Administration or a Federal Court, the fee will be 25% of the past-due benefits payable to the Claimant . . . ." *See* Contingency Fee Contract [D.E. 36 at 2]. Therefore, Plaintiff intended to pay Counsel 25%, the maximum allowed under Section 406(b), if he obtained past-due benefits as a result of Counsel's representation of Plaintiff. Counsel undertook the risk involved in taking on a contingency-basis case and should now be rewarded for delivering a favorable outcome in accordance with the terms of the parties' contract. *See Jeter*, 622 F.3d at 379 ("Although in some

instances a twenty-five percent contingency fee may result in a seemingly large fee, a particular claimant's attorney often is not compensated at all for Social Security work in federal court."); *Shipp*, 2014 WL 2965905, at *2 ("[I]t does not appear that this award represents a 'windfall' to Movant due to its size. The fee reflects the substantial risk involved . . . . Counsel seeks 406(b) fees consistent with the fee agreement and the applicable statute.").

Counsel, who has considerable experience in the field of Social Security, including over a decade of experience serving as a staff attorney for the Social Security Administration, efficiently handled Plaintiff's appeal before this Court which resulted in a favorable outcome for Plaintiff. *See* Affidavit [D.E. 29 at 16]; Time Log [D.E. 29 at 12-14]. There is no indication of any delay undertaken by Counsel in the representation of Plaintiff in this matter before this Court. Due to Counsel's efforts, Plaintiff is entitled to past-due benefits of $53,921.00 and continuing benefits. Further, because the Commissioner authorized a fee of $10,000.00 for services rendered by Counsel to Plaintiff before the Social Security Administration, Counsel has reduced his fee request for services rendered before this Court from $13,480.25 to $3,480.25. In addition, Counsel acknowledges that he has already been awarded $2,679.64 under the EAJA and represents to the Court that this amount will be refunded to Plaintiff should the Court award the requested fees here of $3,480.25. *See* Pet. [D.E. 29 at 10]. Therefore, an award of the requested $3,480.25 in fees does not constitute a windfall and should be awarded to Counsel.

## **CONCLUSION**

For the reasons stated above, the undersigned respectfully recommends that the Court GRANT the Revised Petition [D.E. 34] and award Counsel attorney's fees in the amount of $3,480.25 for Counsel's representation of Plaintiff before this Court and that Counsel be further

5

ordered to refund Plaintiff the previously awarded fees in the amount of $2,679.64.

**SO RECOMMENDED**, this 22nd day of July, 2014.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service of the findings, conclusions, and recommendation. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

6